## Keith, et al. v. Richards, Mayor, et al.

(Decided May 24, 1927.)

Appeal from Christian Circuit Court.

Militia.—Plan of city, county, and state armory commission for construction of building to be used as armory and by officials and employees of county and city, certain offices to be rented to public generally, to be partly paid for by rentals from county, city, and others, and, after paid for, title to be reconveyed to city and county, held to be lawful under Ky. Stats. Supp. 1926, Section 2711a-128, subsection 5.

JAMES BREATHITT, JR., for appellants.

JOHN C. DUFFY and IRA D. SMITH for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellants are citizens and taxpayers of Christian county and the city of Hopkinsville. The appellees are the officers having charge of the property and fiscal affairs of the city of Hopkinsville and Christian county, and the armory commission of Kentucky. Christian county is the owner of a certain plot of land in the city of Hopkinsville, on which is located the courthouse and other public buildings belonging to the county and used and occupied by the county officials. A part

of the lot is unoccupied and not required by Christian county for any governmental purpose. The city of Hopkinsville, under authority from the fiscal court of the county, has erected on said lot a city hall, police station, city court, and city jail, which has been occupied by the officials of the city of Hopkinsville for many years. For many years the city of Hopkinsville has been headquarters for three units of the National Guard of the commonwealth of Kentucky. The General Assembly in 1924 enacted a law creating the armory commission of Kentucky, and giving to it certain corporate powers in relation to the construction and maintenance of armories for the use and benefit of the National Guard of Kentucky. This commission is governed by the provisions of section 2711a-128, Ky. Stats. Supplement of 1926. The act confers upon the commission, either alone or in cooperation with counties, cities or towns, private corporations, or individuals, the power to construct or acquire by purchase, contract, lease, gift, donation, or condemnation such armory building or grounds as may be suitable for drill, instruction, and administration and the safe-keeping of public property. An appropriation is made by the provisions of the act to be expended by the armory commission in carrying out the purposes of the law.

In May 1926, the armory commission made an appropriation in the sum of $37,500 for the purpose of aiding in the construction and erection of a building in the city of Hopkinsville, to be used as a state armory, for the convenience and use of the three units of the Kentucky National Guard in said city, and for other lawful purposes permitted by the terms of the act.

In July, 1926, the fiscal court of Christian county passed a resolution empowering the county judge of the county to convey by deed of general warranty all of the lot of ground above mentioned, except that part on which the courthouse is located, to any person, corporation, or trustee to be thereafter designated, and to be used for the purpose of erecting thereon an armory building with the proceeds of said appropriation made by the armory commission, and with such funds as might be raised by popular subscription or otherwise. In July, 1926, the board of commissioners of the city of Hopkinsville passed a resolution empowering the mayor of said city to likewise convey any interest the city might have in said lot for the same purpose as expressed in the reso-

lution of the fiscal court. The state armory commission, the fiscal court, and the city commissioners agreed upon a plan for the financing and construction of the armory building. Under the plan worked out in conjunction with certain citizens of the city and county, it is proposed to erect a building on the lot of ground aforesaid, which building will be largely in excess of the requirements for an armory, and which will cost approximately $100,000. The armory commission appropriated $37,500, which will be applied on the cost of construction, and it is contemplated by the arrangements made between the parties aforesaid that the balance needed for the cost of construction will be raised by borrowing it from some trust company or other investor and by securing said loan by a mortgage on said lot and the building to be erected thereon. A part of the building when erected will be subdivided into offices and quarters to be used by certain of the officials and employees of the county of Christian, and other parts will be subdivided into offices and quarters to be used by the officials and employees of the city of Hopkinsville. It is also in contemplation that two or more small storerooms will be provided on the first floor of the building, which will be rented to any person willing to rent them for the purpose of conducting therein a public business. Other portions of the building not required for armory purposes or by the county of Christian or the city of Hopkinsville for public purposes will be divided into offices which will be rented to the public generally, and, in addition, a large auditorium will be constructed in connection with said building, which will be rented to the public for any lawful use. Under the plan, the county of Christian and the city of Hopkinsville will pay a reasonable rental to the holder of the title of said property for the quarters occupied by them in said building until all indebtedness against the property shall be satisfied. All rentals and income received for the use of the property will be used by the trustee or person holding the title to said lot for the purpose of paying the expenses and upkeep of the building and to retire the indebtedness represented by the money borrowed for its construction.

Under the plan it is estimated that the revenues from that portion of the building so leased or rented will be sufficient within a period of 15 years to retire the indebtedness, and, after the said indebtedness has been retired, the title to said lot and building will be reconveyed by

the holder of the title to Christian county and the city of Hopkinsville, in accordance with their original interest in said lot, and thereafter the legal title and ownership of the entire property will be vested in said city and county. In 'consideration of the appropriation made by the army commission towards the construction of the building, a certain part thereof is to be set apart as an armory, and a contract will be entered into, leasing such premises to the state armory commission for a period of 99 years from the date of the erecting of the building, and during said period the state armory commission will have the exclusive control and use of that part of the building so set aside to it, free from all rentals.

The basis of this action is that such arrangements as are briefly outlined above are in violation of law, and that the city and county should be enjoined from entering into such arrangements.

The entire plan under which the county, city and armory commission is to operate is fully set out in detail in the petition. The appellees filed a demurrer to the petition, and in addition they filed an answer admitting the truth of the allegations of the petition. The case was submitted to the lower court on the facts alleged and admitted, and an injunction was awarded. The appellees then came before Judge Gus Thomas, the then Chief Justice of this court, and moved for a dissolution of the injunction. The motion was heard and considered by said judge and Judges McCandless and Clay, who on the 14th day of September, 1926, dissolved the injunction. In a written opinion on the motion prepared by Judge Thomas it was held that it was within the legal rights of the parties to carry out the plans outlined in the petition. The deeds were then executed to the Planters' Bank & Trust Company as trustee pursuant to the resolutions of the fiscal court and the city commissioners, and steps were taken towards carrying out the plans as outlined above. An amended petition was filed setting out these additional steps and praying that an injunction be granted to prevent any further proceedings under the plan. The deeds, contracts, leases and all other instruments of writing necessary to carry out said plan as outlined above were executed and filed as exhibts with the amended petition. Upon the final submission of the case the lower court held that the plan for the construction of an armory and public building in Hopkinsville through the co-operation of the armory commission of Kentucky,

the city of Hopkinsville and the county of Christian, as set up in the petition as amended, was substantially in accordance with the plan described in the original petition which was approved in the opinion on the motion to dissolve the injunction, and for that reason a demurrer was sustained to the petition as amended and the appellants declined to plead further. The record has been brought here for review. What has been said disposes of the question. The fiscal court of the county, the city of Hopkinsville, the state armory commission, and the trustee now holding title to the property are carrying out the plan within the provisions of subsection 5 of section 2711a-128, Ky. Stats. Supplement 1926. As the plan and proceedings for the construction of this building and its maintenance and operation are within the law, and as the plan for the payment of the indebtedness which will be created in the erection of the building is also within the law, the lower court was correct in sustaining the demurrer to the petition as amended.

The judgment is affirmed.